José R. Rivera, demandante, *v.* Banco Industrial de Puerto Rico, demandado; Francisco Acevedo, interventor apelante.

No. 5961. *Sometido:* Abril 4, 1933. *Resuelto:* Abril 25, 1933.

*Largé & Acevedo,* abogado del interventor apelante; *Gabriel de la Haba,* abogado del demandante; *H. Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier;* abogados del demandado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Una corte de distrito declaró sin lugar una excepción previa a una demanda de intervención en lo que a la tercera causa de acción se refería, mas la sostuvo en lo concerniente a la primera y segunda causas de acción. Luego el interventor solicitó que se dictara sentencia y la corte declaró sin lugar la demanda en lo atinente a la primera y segunda causas de acción y concedió al síndico del banco demandado diez días para contestar a la tercera causa.

Como primera causa de acción, el interventor ale-

gaba que en el procedimiento original la corte había nombrado un síndico provisional a virtud de una estipulación suscrita por el demandante Rivera y el presidente del banco, E. F. Schlüter; que en el tercer párrafo de la estipulación se decía que la junta directiva del banco había adoptado una resolución autorizando a Schlüter para que, a nombre y representación del banco, prestara su consentimiento al nombramiento de un síndico provisional, que debería ser Manuel Martínez Casanova; que en el cuarto párrafo de la estipulación se estipuló y convino que el banco se allanaría a la petición del demandante para que se nombrara un síndico provisional y consintiera a la designación de Manuel Martínez Casanova como tal síndico; que a pesar de estas alegaciones y en contradicción con las mismas, en el hecho sexto de la estipulación las partes solicitaron que ésta fuera aprobada y se nombrara síndico provisional a Antonio Hernández; que el nombre de Hernández aparece sobreborrado en dicho hecho sexto sin haber sido salvado al final del documento; que a virtud de orden fechada 31 de julio de 1930, la corte había nombrado a Antonio Hernández como síndico provisional y que en tres ocasiones aparece sobreborrado su nombre en la orden, sin haberse salvado estas alteraciones al final de la misma; que el supuesto síndico provisional, sin notificar al demandante Rivera, ni al presidente del banco, ni a ningún accionista, había radicado una moción solicitando se enmendase la orden de julio 31, 1930, en que se le nombraba como tal síndico provisional, porque en ella se había insertado el nombre de Martínez Casanova en vez del suyo; que la corte había declarado con lugar esta moción y había dictado una nueva orden el día 6 de agosto de 1930, enmendando su orden anterior; que ni al tiempo de dictarse estas dos órdenes ni con anterioridad a la fecha en que las mismas se libraron, se había hecho alegación alguna en el sentido de enmendar la estipulación o la resolución del banco, ni había nada en los autos que demostrara que la junta directiva hubiera adoptado resolución alguna autorizando al presidente del mismo o a

cualquiera otra persona para que consintiera al nombramiento de Antonio Hernández como síndico provisional; y que con fecha 15 de octubre de 1930, Antonio Hernández había sido nombrado administrador judicial.

La súplica, en lo pertinente a la primera y segunda causas de acción, fué que el nombramiento de Hernández como síndico provisional y como administrador judicial fuese declarado nulo y sin ningún valor ni efecto legal.

El interventor no expone plenamente en su demanda la parte pertinente de la resolución adoptada por la junta directiva. Ni siquiera copia en su demanda las citas que de dichas resoluciones contenía la estipulación. No se adhiere a la demanda como parte de la misma, ni la resolución ni la estipulación. La narración hecha por el interventor de lo que se dijo en el tercer párrafo de la estipulación acerca de lo que los directores habían autorizado en su resolución, no significa necesariamente que su consentimiento a que se nombrara un síndico provisional dependía de que se designara a Martínez Casanova. Mucho menos aparece del cuarto párrafo de la estipulación, tal cual ha sido copiado indirectamente por el interventor, que la aquiescencia del banco a la petición del demandante para que se nombrara un síndico, dependía de la contingencia de que se designara a Martínez Casanova. La sustitución del nombre de Martínez Casanova con el de Antonio Hernández en un párrafo posterior de la estipulación, de haber sido hecha por consentimiento mutuo antes de que el documento se firmara, no vició el mismo. El dejarse de salvar las alteraciones al final del documento antes de suscribirlo, no bastaba para destruir la presunción de buena fe. El interventor no alegó que la alteración se hizo después de firmado el documento o sin el consentimiento mutuo de las partes antes de ser suscrito el mismo. De todos modos, la corte no quedaba obligada por convenio alguno de las partes, respecto a quién debía designar. El hecho de que el nombramiento se hiciera "a virtud de" una estipulación suscrita por el demandante y por el presidente del banco en exceso

de la autoridad conferídale por la junta directiva, de haberse objetado oportunamente por el banco, quizá hubiese sido suficiente motivo para que la corte reconsiderara el asunto. No es base adecuada para la súplica del interventor de que se declare nulo e ineficaz el nombramiento. Mucho menos podría afectar la validez del nombramiento posterior de un síndico permanente o de un "administrador judicial." El hecho de que la corte, mediante moción *ex parte* de Hernández, enmendara su orden original, según es de presumirse, con el propósito de que contuviera la verdad y expresara lo que se intentó originalmente, no invalidó el nombramiento de Hernández. El hecho de que de los autos no se desprenda ninguna enmienda a la resolución adoptada por la junta directiva, no es tan significativo como el hecho que puede ser inferido lógicamente de la demanda de intervención, de que los autos tampoco revelan protesta ulterior alguna por la junta directiva a que se designara a Hernández.

■ La facultad y jurisdicción de la corte para designar a Hernández como síndico, no dependía del consentimiento de las partes. Éstas no podían, mediante convenio, dar a la corte tal jurisdicción, ni podían privar a la corte de la misma sometiéndole para su aprobación una estipulación que no había sido debidamente autorizada por la junta directiva del banco. El nombramiento no fué nulo e írrito meramente por haber sido hecho "a virtud de" tal estipulación.

■ Como segunda causa de acción, el interventor alegó (en adición a un número de hechos aducidos en la primera causa de acción): que el banco no había sido disuelto y que no se había hecho tentativa alguna de disolverlo; que en su petición para que se designara un síndico, Rivera había manifestado que el banco era solvente y no había alegado ningún cargo de fraude o de mala administración imputable a los directores del mismo; y que ni Rivera ni persona alguna había presentado demanda en las cortes de la isla, solicitando la disolución del banco y en su consecuencia la liquidación del mismo.

El artículo 182 del Código de Enjuiciamiento Civil autoriza el nombramiento de un síndico ''en los casos en que una corporación haya sido disuelta, o se hallare insolvente, o en inminente peligro de insolvencia, o hubiere perdido sus derechos como tal corporación.'' El artículo 183 provee que ''Al disolverse cualquiera corporación, la corte de distrito del distrito judicial en que verifique sus negocios o tuviere su oficina principal, a solicitud de cualquier acreedor de dicha corporación o de cualquiera de sus miembros o accionistas, podrá nombrar una o más personas como síndicos o depositarios de la corporación, para encargarse de los bienes y efectos de la misma, cobrar los créditos a su favor y recoger sus pertenencias, satisfacer sus deudas pendientes, y repartir los fondos y demás propiedades entre los accionistas y socios.'' Empero el artículo 182, en su inciso final, también autoriza el nombramiento de un síndico ''en todos los demás casos en que como hasta el presente se han nombrado síndicos, conforme a los usos de las cortes de equidad.'' A los hechos en que el interventor basa su segunda causa de acción, les falta mucho para demostrar que el caso ante la corte no fuera uno propio para la designación de un síndico ''conforme a los usos de las cortes de equidad.''

Para los fines de esta opinión podría admitirse que si (tal cual resolvió la corte de distrito) la tercera causa de acción era válida, la mejor práctica hubiese sido simplemente declarar sin lugar una excepción previa a la demanda en su totalidad. De ello no se desprende que la actuación de la corte al sostener la excepción previa respecto a la primera y segunda causas y al denegarla en cuanto a la tercera, fuera un error que dé lugar a la revocación.

El error, de haberse cometido, al conceder una prórroga para contestar a la tercera causa, después de declarar con lugar la excepción en lo atinente a la primera y segunda causas, fué inofensivo bajo las circunstancias del presente caso.

Cuanto hemos dicho resuelve la mayoría de las conten-

ciones del apelante. No es necesario discutir las demás. Cualquier error que pudiera haber cometido la corte de distrito al exponer sus razones para resolver la excepción previa, no sería suficiente fundamento para justificar la revocación.

*La sentencia apelada debe ser confirmada.*